# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN DORSEY,** *Plaintiff* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **PENNSBURY SCHOOL DISTRICT et al.,** *Defendant* | : : : : | **No. 20-863** |

## MEMORANDUM

PRATTER, J.                                            SEPTEMBER 24, 2021

Civil-rights plaintiffs need only make out a short and plain statement of their claims. But that statement must still be thorough enough to tie each defendant to the alleged violation. Kevin Dorsey sued his former employer, the Pennsbury School District, its superintendent, and four board members for gender discrimination. But he has not said how the board members violated his rights, nor how they conspired with the superintendent to do so. The Court thus dismisses his § 1983 claims against the board members in their individual capacities and his § 1985 claim against all defendants without prejudice.

### BACKGROUND

Kevin Dorsey worked as the Director of Information Technology for Pennsbury School District until, he alleges, he was pushed out due to gender discrimination. Am. Compl. ¶ 8. Mr. Dorsey is in a same-sex marriage. *Id.* ¶ 1. Because he did not "conform to traditionally held gender stereotypes," he says, the district and its employees discriminated against him. *Id.* ¶ 15. Specifically, they called him a "fag—t," paid him less than his peers, and left him out of meetings. *Id.* ¶ 15. When Mr. Dorsey reported this, the district punished him. *Id.* He was also falsely accused of misconduct around the office. *Id.* In one incident, the district accused him "of listening to other people's voice mails." *Id.* Pending an investigation, the district placed Mr. Dorsey on administrative leave, prompting him to resign. *Id.* ¶¶ 17, 20.

1

Mr. Dorsey sued the district, its superintendent, and four members of the school board. He claims that they violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.* and the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951 *et seq.*, because they discriminated against him based on his gender and sexual orientation. He likewise seeks monetary damages under 42 U.S.C. § 1983, asserting that the district and its officials denied his right to equal protection under the Fourteenth Amendment and infringed on his First Amendment rights by retaliating against him when he complained about their actions. He also accuses the officials of conspiring to infringe his constitutional and statutory rights, in violation of 42 U.S.C. § 1985. The district and its officials now move to dismiss his § 1983 and § 1985 claims for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARDS

In his complaint, a plaintiff must set out "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement cannot just be "a formulaic recitation of the elements of" the law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also include facts, and enough to push the claim from merely possible to "plausible." *Id.* at 555–56. In deciding a motion to dismiss for failure to state a claim, the Court strips away the bare legal conclusions and asks if, taking the well-pleaded facts as true, the plaintiff has made out a plausible claim against each defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

### I. Mr. Dorsey has not stated plausible § 1983 claims against the officials

For the § 1983 claims, the officials assert that they are not the correct defendants. Besides, the board members argue, Mr. Dorsey did not provide enough detail to tie them to the claimed discrimination. Because the board members are right on the second point, the Court dismisses the § 1983 claims against them without prejudice.

### A. The individual-capacity claims are not duplicative

Mr. Dorsey sues both the district and its officials. So, the officials contend, the claims against them are duplicative and should be dismissed. For actions taken under color of law, government officials can be sued in their official capacities, as government actors, or in their personal capacities, as individuals. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Here, Mr. Dorsey appears to sue the district officials for damages in both their official and individual capacities. *See* Pl.'s Br. 3.

His official-capacity claims are redundant. If a plaintiff sues a municipal official for damages in his official capacity, he seeks to recover from the municipal's coffers. *Graham*, 473 U.S. at 166. In other words, the suit "is, in all respects other than name, … a suit against" his employer. *Id.* Because "the real party in interest is the" employer, the official can and should be dismissed, so long as the employer "receives notice" of the claims "and an opportunity to respond." *Id.*; *accord Baez v. Lancaster Cnty.*, 487 F. App'x 30, 32 (3d Cir. 2012); *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Mr. Dorsey has brought the exact same § 1983 claim against the district as he did the officials. The Court thus dismisses his duplicative claims against them in their official capacities.

But his claims against the officials in their personal capacities are *not* redundant. If successful, his claims against the district will be paid out of its coffers, while his individual claims against the officials target their "personal assets." *Graham*, 473 U.S. at 166. Further, the proof required for each is different. For his individual-capacity claims, Mr. Dorsey must "show that the official[s], acting under color of state law," deprived him of his federal rights. *Graham*, 473 U.S. at 166. For his claim against the district, he must go a step further and show that the district's

3

"policy or custom" caused the violation. *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). So his claims against the district and against the officials in their personal capacities can coexist.

### B. The individual-capacity claims are implausible

Though his claims against the board members in their individual capacities are not redundant, they are too general. To state a claim against the individual officials, Mr. Dorsey must plausibly plead that each official had "personal involvement in the alleged wrongdoing." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Mr. Dorsey articulates the discriminatory "conduct, time, [and] place." *Id.* And he points to five officials that he asserts discriminated against him: Superintendent William Gretzula and board members Christine Toy-Dragoni, Debra Wachspress, Joshua Waldorf, and T.R. Kannan. Yet he does not match the board members to any of the discriminatory conduct.

For Superintendent William Gretzula, Mr. Dorsey has shown "personal involvement." *Evancho*, 423 F.3d at 353. Dr. Gretzula called him a "destructive force" at a meeting and then threatened "reprisal" after Mr. Dorsey reported him. Am. Compl. ¶ 15. Later, Mr. Gretzula "falsely accus[ed]" him of a crime in front of the school board. *Id.* In contrast, Mr. Dorsey does not explain what role, if any, the four board members played in the discrimination. For example, he does not identify these board members as the ones who used the slur "fag—t" or who left him out of meetings. Indeed, he mentions these four board members just once in the entire complaint. *See* Am. Compl. ¶ 4. In the absence of their "personal involvement" in the discrimination, the Court dismisses his claims against those four board members, but with leave to amend in case he can tie them to specific discriminatory conduct.

## II. Mr. Dorsey has not stated a plausible § 1985 claim

For the § 1985 claim, the district and its officials contend that Mr. Dorsey has failed to show any sort of agreement to violate his rights. To bring a conspiracy claim, Mr. Dorsey must identify an agreement between "two or more persons" to deprive him "of the equal protection of the laws" motivated by animus against not just Mr. Dorsey but against gay men as a class. 42 U.S.C. § 1985(3); *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006). He has not done so.

Mr. Dorsey accuses the officials of conspiring to discriminate against him. Am. Compl. ¶ 36. For support, he points to individual incidents of discrimination, like being left out of meetings and paid less than his peers. But that is not enough. By definition, a conspiracy requires multiple actors, and Mr. Dorsey does not identify who did what. From the face of the complaint, one official could have performed all of the discriminatory acts on his own. Even if multiple officials did discriminate against him, those individual incidents of discrimination alone do not "suggest" an agreement to discriminate. *Twombly*, 550 U.S. 544 at 557. The officials' "parallel conduct could just as well be independent" acts of discrimination. *Id.* Mr. Dorsey has done nothing to tie this parallel conduct together, for he has not pled a "meeting of the minds" between the officials, implicit or explicit, much less provided "enough factual matter" to make that agreement plausible. *Id.* at 556–57. Moreover, Mr. Dorsey pleads discrimination against only himself; he has not alleged that the officials "conspired against" gay men as "a group." *Farber*, 440 F.3d at 136. Because of this, the Court dismisses his § 1985 claim. If Mr. Dorsey can set out "plausible grounds to infer an agreement," he may file an amended claim. *Twombly*, 550 U.S. 544 at 556.

## CONCLUSION

For his § 1983 and § 1985 claims, Mr. Dorsey provided too plain a claim for relief. Thus, the Court grants the district and officials' motion to dismiss. The Court dismisses with prejudice the § 1983 claim against Superintendent William Gretzula and board members Christine Toy-Dragoni, Debra Wachspress, Joshua Waldorf, and T.R. Kannan in their official capacities and without prejudice the § 1983 claim against board members Christine Toy-Dragoni, Debra Wachspress, Joshua Waldorf, and T.R. Kannan in their personal capacities. The Court also dismisses the § 1985 claim against all defendants without prejudice. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE