IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN DORSEY,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| **PENNSBURY SCHOOL** | : | |
| **DISTRICT et al.,** | : | **No. 20-863** |
| *Defendant* | : | |

# MEMORANDUM

PRATTER, J.                                                                                                    MARCH 25, 2022

Alleging gender discrimination, Kevin Dorsey sued his former employer, the Pennsbury School District, its superintendent, and four board members. After the Court dismissed his First Amended Complaint without prejudice, Mr. Dorsey has filed a Second Amended Complaint that adds sufficient factual matter to tie each defendant to an alleged violation framing the various claims. But, for a subset of his claims identified in Defendants' second motion to dismiss, his allegations still do not form a viable claim. Therefore, as explained below, the Court will grant the District's second partial motion to dismiss without prejudice.

## BACKGROUND

Mr. Dorsey worked as the Director of Information Technology for Pennsbury School District until, he alleges, he was pushed out due to gender discrimination. Mr. Dorsey is in a same-sex marriage. Because he did not "conform to traditionally held gender stereotypes," he says, the district and its employees discriminated against him. Sec. Am. Compl. ¶ 15.

Specifically, Mr. Dorsey alleges that Mr. Gretzula falsely accused Mr. Dorsey of putting nuts and bolts in his tires, that Mr. Waldorf, Ms. Wachpress, and Ms. Toy-Dragoni stated at an August 2018 board meeting that those who filed EEOC complaints should be fired, that Ms. Wachpress repeatedly used the term "f—ts" in reference to Mr. Dorsey and another person, and that Mr. Kannan baselessly accused Mr. Dorsey of being a drug dealer at a School Board meeting.

1

*Id.* ¶¶ 15, 35–37. Mr. Dorsey filed a charge of gender discrimination and retaliation with the EEOC and Pennsylvania Human Resources Commission on July 25, 2018. Pending an investigation of allegations made against Mr. Dorsey, the District placed him on administrative leave in January 2019, prompting him to resign his position on April 12, 2019.

Mr. Dorsey sued the District, its superintendent, and four members of the School Board. He claims that they violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.* and the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951 *et seq.*, because they discriminated against him based on his gender and sexual orientation. He likewise seeks monetary damages under 42 U.S.C. § 1983, asserting that the District and its officials denied his right to equal protection under the Fourteenth Amendment and infringed on his First Amendment rights by retaliating against him when he complained about their actions. The District and its officials now move to partially dismiss his § 1983 and Title VII/PHRA claims against specific defendants for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARDS

In his complaint, a plaintiff must set out "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement cannot just be "a formulaic recitation of the elements of" the law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also include facts, and enough to push the claim from merely possible to "plausible." *Id.* at 555–56. In deciding a motion to dismiss for failure to state a claim, the Court strips away the bare legal conclusions and asks if, taking the well-pleaded facts as true, the plaintiff has made out a plausible claim against each defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

### I. Mr. Dorsey has not stated a plausible § 1983 claim against the District

Mr. Dorsey does not plead sufficient factual matter to support a § 1983 claim against the District. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

Mr. Dorsey alleges that the individual defendants, "in effecting and causing personnel actions against Plaintiff as stated acted as policymakers for Defendant Pennsbury, thereby subjecting [the District] to potential liability under Section 1983 for the actions they caused and effected." Sec. Am. Compl. ¶ 30. Mr. Dorsey cites *McGreevy v. Stroup*, 413 F.3d 359, 367–68 (3d Cir. 2005), to argue that "an official with policymaking authority can create official policy, even by rendering a single decision." But this case is not like *McGreevy* because Mr. Dorsey does not actually point to a specific *decision* made by any of the defendants. His complaint references "personnel actions against" him, but he does not allege that any of the named individual defendants took these actions. Instead, Mr. Dorsey alleges that he was told by the Director of Human Resources (Bettie Ann Rarrick) that he would be placed on leave pending investigation of the accusations and was told later by the Supervisor of Instructional Technology (Brad McCormick) that he had been replaced. Sec. Am. Compl. ¶¶ 17–18.[1] Neither of these actors are named as defendants.

---

[1] Parsing through Mr. Dorsey's Second Amended Complaint, one could argue that he alleged a personnel action of being paid "less than others similarly situated to him and to others on the 'small cabinet' (a core administrative group that works with the Superintendent)." Sec. Am. Compl. ¶ 15. However, he does not allege who was personally involved in the salary decisions.

3

Mr. Dorsey also alleges that "Defendant Pennsbury engaged in a pattern, practice or custom of conduct violating the rights enumerated above, with said pattern, practice and custom being evidenced by, among other things, similar treatment of others because of their sexual orientation or protected speech." Sec. Am. Compl. ¶ 33. Mr. Dorsey provides no supporting detail, such as who these others are, and whether they were employees of the District, and whether the treatment was because of their sexual orientation (Fourteenth Amendment discrimination) or because of protected speech (First Amendment retaliation).[2]

Instead, Mr. Dorsey cites an unpublished Middle District of Pennsylvania decision, *Kesiter v. PPL Corp.*, No. 13-cv-118, 2014 WL 2708311 (M.D. Pa. June 13, 2014), to argue that this level of detail is sufficient under the notice pleading standard. Doc. No. 16-1, at 4 n.1. But even that opinion cites *Iqbal* and *Twombly* to establish that a complaint must contain sufficient factual matter to state a plausible claim. *Id.* at *1. The standard on a motion to dismiss has "shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Because Mr. Dorsey has "not identified with specificity a municipal custom or policy of disparate treatment" of others, *McCowan v. City of Philadelphia*, No. 19-cv-3326, 2021 WL 84013 (E.D. Pa. Jan. 11, 2021), his similar treatment theory lacks sufficient factual matter to state a claim for relief.

Because of the absence of a factual support for a theory of *Monell* liability, the Court finds that Mr. Dorsey's § 1983 claim against the District must be dismissed.

---

[2] In his response to the Defendants' motion to dismiss, Mr. Dorsey cites two other lawsuits against the District as "a matter of public record." Doc. No. 16-1, at 7 n.2. But Mr. Dorsey does not allege any factual matter about the plaintiffs in these other lawsuits for the Court to determine whether they would be valid comparators on the bases discussed above.

## II. Mr. Dorsey has not stated plausible discrimination or retaliation claims against Mr. Kannan

The sole basis for Mr. Dorsey's claims against school board member T.R. Kannan is an allegation that Mr. Kannan referred to Mr. Dorsey as a "drug dealer." Sec. Am. Compl. ¶ 37. Mr. Dorsey argues that the allegation "revealed [Mr. Kannan's] retaliatory motive against him by falsely accusing him of being a 'drug dealer' at a Board Meeting." Doc. No. 16-1, at 7.[3] Mr. Dorsey does not state when Mr. Kannan made the drug dealer comment, alleging only that it was "at a Board Meeting." Sec. Am. Compl. ¶ 37. Mr. Kannan's alleged "drug dealer" statement establishes neither discriminatory intent on the basis of gender/sexual orientation nor retaliation for Mr. Dorsey's EEOC complaint.

For a discrimination claim, the plaintiff must show that an adverse action "occurred under circumstances that could give rise to an inference of intentional discrimination." *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). A plaintiff "must establish some causal nexus between his membership in a protected class and the decision" by the employer. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003). Even if Mr. Kannan's "drug dealer" comment were construed as an adverse action, there is no connection between the "drug dealer" comment and Mr. Dorsey's protected status.

For retaliation claims, the plaintiff must also show that the defendant took an adverse action against him. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Makky*, 541 F.3d

---

[3] Mr. Dorsey also states that he made the same allegations against Mr. Kannan as against Ms. Toy-Dragoni and Mr. Waldorf, but he does not cite any portions of his complaint. He appears to refer to a broadly sweeping allegation that all individual defendants "acted as policymakers" in leveling accusations against him. Sec. Am. Compl. ¶ 30. He also argues in his briefing that Mr. Kannan contributed to a hostile work environment. Doc. No. 16-1, at 7. But a defendant in a civil rights action must have personal involvement in the alleged wrongs, which the plaintiff must allege with particularity. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988). Mr. Dorsey has not alleged any involvement by Mr. Kannan with particularity, aside from the "drug dealer" comment.

at 214. An adverse action in the Title VII retaliation context is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68 (internal quotation marks omitted). "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse" because "it is important to separate significant from trivial harms." *Id.* The Supreme Court has explained that Title VII "does not set forth 'a general civility code for the American workplace'" and "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances." *Id.* at 68 (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)). Mr. Dorsey does not allege whether Mr. Kannan made the alleged "drug dealer" comment before or after his EEOC complaint, or assert that it would have dissuaded him from filing such a complaint. Just because Mr. Dorsey filed an EEOC complaint does not suggest that any negative remark at a School Board meeting constitutes retaliation under Title VII. Because there is no apparent causal relation between the "drug dealer" remark and Mr. Dorsey's gender/sexual orientation or filing of an EEOC complaint, he has failed to state a claim against Mr. Kannan under Title VII. For these same reasons, Mr. Dorsey has also failed to state a § 1983 claim against Mr. Kannan for violating the Fourteenth Amendment by discriminating against him. *See Holt v. Pennsylvania*, 683 F. App'x 151, 160 (3d Cir. 2017) ("[B]ecause of the overlap between Title VII claims and constitutional discrimination claims, we have applied Title VII caselaw to equal protection claims.").

Mr. Dorsey has also failed to plead sufficient factual matter to establish a § 1983 claim against Mr. Kannan for First Amendment retaliation. Similar to Title VII retaliation, plaintiffs alleging a First Amendment retaliation claim "must show (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness

6

from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Mr. Dorsey has not alleged temporal proximity between the "drug dealer" remark and his filing of an EEOC complaint. And a single comment does not establish a pattern of antagonism. *See, Perry-Hartman v. Prudential Ins. Co. of Am.*, No. 17-cv-4732, 2021 WL 3077551, at *13 (E.D. Pa. July 20, 2021). Because he has not alleged any factual matter to support a causal link, Mr. Dorsey has not stated a claim against Mr. Kannan for First Amendment retaliation.

The Court will dismiss all claims against Mr. Kannan. If Mr. Dorsey can set out "plausible grounds" to infer discrimination or retaliation by Mr. Kannan related to his gender or EEOC complaint, he may file an amended claim. *Twombly*, 550 U.S. 544 at 556.

### III. Mr. Dorsey has not stated a plausible equal protection claim against Ms. Toy-Dragoni and Mr. Waldorf

Lastly, the Defendants argue that Mr. Dorsey has not alleged a plausible Fourteenth Amendment equal protection claim against Ms. Toy-Dragoni and Mr. Waldorf. Mr. Dorsey alleges that all of the defendants discriminated against him because of his gender or sexual orientation, violating his right to equal protection under the Fourteenth Amendment. Sec. Am. Compl. ¶ 31. But the defendants argue that Mr. Dorsey alleges "only retaliatory conduct" by Ms. Toy-Dragoni and Mr. Waldorf, namely "that they each stated that Plaintiff should be fired for filing EEOC Complaints." Doc. No. 15-1, at 6.

The Fourteenth Amendment provides: "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To bring a successful

7

claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination." *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009). "Equal protection discrimination claims under § 1983 are evaluated under the same framework as Title VII claims." *Middleton v. Deblasis*, 844 F. Supp. 2d 556, 565 (E.D. Pa. 2011).

As with the Title VII claim against Mr. Kannan, Mr. Dorsey must establish "some causal nexus" between his membership in a protected class and the defendant's action. *Sarullo*, 352 F.3d at 798. A statement advocating for the firing of everyone who files an EEOC charge encompasses, by definition, more than those of one protected class. Mr. Dorsey has provided no argument that those who file EEOC charges should themselves be considered a protected class. Although those who file EEOC charges are, logically, likely to belong to protected classes generally, the Supreme Court has clarified that membership in a protected class and engaging in a protected activity are distinct concepts derived from different types of substantive claims. *See, e.g.*, *Burlington*, 548 U.S. at 63 (contrasting Title VII's status-based antidiscrimination provision with Title VII's process-based antiretaliation provision). Mr. Dorsey alleges that Ms. Toy-Dragoni and Mr. Waldorf's comments discriminated against him on the basis of gender or sexual orientation, but the sole allegation he makes against each defendant with particularity relates only to a retaliation theory, not to discrimination based on gender or sexual orientation.

Because Mr. Dorsey has not alleged factual matter to support a theory of gender or sexual orientation discrimination by Ms. Toy-Dragoni or Mr. Waldorf, the Court will dismiss his Fourteenth Amendment equal protection claims against these two defendants. However, the Court notes that Mr. Dorsey's § 1983 claims against Ms. Toy-Dragoni and Mr. Waldorf based on First Amendment retaliation as incorporated by the Fourteenth Amendment still remain. If Mr. Dorsey

8

can set out "plausible grounds" to infer discrimination by Ms. Toy-Dragoni or Mr. Waldorf related to his gender or sexual orientation, he may file an amended claim. *Twombly*, 550 U.S. 544 at 556.

## CONCLUSION

For the foregoing reasons, the Court dismisses the §1983 claims against the District, all claims against Mr. Kannan, and the equal protection § 1983 claims against Ms. Toy-Dragoni and Mr. Waldorf without prejudice. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE